IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEVIN QUIRKE,** | : | Civil No. 1:19-CV-01242 |
| **Plaintiff,** | : | |
| v. | : | |
| **JLG INDUSTRIES, INC.,** | : | |
| **Defendant.** | : | Judge Sylvia H. Rambo |

**M E M O R A N D U M**

Before the court are motions by Defendant JLG Industries Inc. for leave to file a third-party complaint (Doc. 43) and by Plaintiff Kevin Quirke to strike the third-party complaint (Doc. 49). For the reasons set forth below, the court will deny the motion by JLG and grant the motion by Quirke.

I. **BACKGROUND**

This case involves claims by Plaintiff Kevin Quirke for strict products liability and negligence under Pennsylvania law. According to the complaint, in March 2018, Quirke was operating a boom lift manufactured by JLG in the course of his employment with Sunbelt Rentals of Canada ("Sunbelt Canada") in Toronto, Canada, when the boom suddenly retracted, causing him serious injuries. (Doc. 1, pp. 6-7, 11.) Quirke alleges that the retraction in the boom and his injuries resulted from JLG's improper installation and assembly of the boom. Quirke is an Irish

1

citizen and JLG is a Pennsylvania corporation, and the boom lift is alleged to have been manufactured and assembled by JLG in McConnellsburg, Pennsylvania. (*Id*. at ¶¶ 1-2, 8-9; Doc. 16, ¶ 7.)

In December 2020, JLG filed a motion for leave to file a third-party complaint against Sunbelt Rentals of Canada Inc. and Sunbelt Rentals, Inc. (Doc. 43.) Quirke subsequently filed a motion to strike the third-party complaint, and JLG filed a brief in opposition to the motion. (Docs. 49, 64.) The matters are thus ripe for review.

## II. **DISCUSSION**

JLG requests leave to file a third-party complaint against Quirke's prior Canadian employer, Sunbelt Canada and its United States parent company, Sunbelt Rentals, Inc., in order to determine their negligence in the matter. JLG acknowledges that the parties, or at least Sunbelt Canada, is immune from liability and damages, including contribution, in connection with this action, and it instead seeks joinder for the purpose of assessing the companies' comparative fault and determining an appropriate offset in damages.

Rule 14(a) of the Federal Rules of Civil Procedure permits a defendant to bring in a nonparty "who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). "A third party claim may be asserted under Rule 14(a) only when the third party's liability is in some way dependent on the outcome of the

main claim or when the third party is secondarily liable to defendant." *FDIC v. Bathgate*, 27 F.3d 850, 873 (3d Cir. 1994) (citation omitted).

"To utilize the procedure of Rule 14, a third-party plaintiff must demonstrate some substantive basis for its claim." *Bernard v. Air Vent, Inc.*, No. 17-CV-2361, 2019 WL 144852, at *1–2 (M.D. Pa. Jan. 9, 2019) (citing *Pitcavage v. Mastercraft Boat Co.*, 632 F. Supp. 842, 845 (M.D. Pa. 1985)). In a diversity action, the court applies state law to determine whether the third-party plaintiff has raised a proper substantive basis for its claim. *Lincoln Gen. Ins. Co. v. Transportation Coverage Specialists, Inc.*, No. 1:11-CV-705, 2012 WL 13008805, at *2 (M.D. Pa. Apr. 17, 2012) (citing *Robbins v. Yamaha Motor Corp.*, 98 F.R.D. 36, 38 (M.D. Pa. 1983).

The defendant must obtain the court's leave to file a third-party complaint more than 14 days after serving its original answer. (*Id*.) The decision to permit joinder is a matter entrusted to the sound discretion of the district court. *Hartford Cas. Ins. Co. v. ACC Meat Co.*, LLC, No. 1:10-CV-1875, 2011 WL 398087, at *1 (M.D. Pa. Feb. 2, 2011); *Judd v. General Motors Corp.*, 65 F.R.D. 612, 615 (M.D. Pa. 1974); *Admiral Ins. Co. v. Constr. Methods & Coordination, Inc.*, No. 13-CV-6275, 2014 WL 3887756, at *1 (E.D. Pa. Aug. 8, 2014).

Here, neither JLG's motion nor its proposed third-party complaint cite any basis whatsoever for joining or imposing liability on the United States parent

company of Quirke's former Canadian employer, a distinct and independent entity under the law.

In addition, JLG's third-party claim against Sunbelt Canada does not fall within the language of Rule 14(a)(1) because, as it concedes, Sunbelt Canada is immune from liability, including from having to pay contribution or indemnification, in connection with Quirke's injuries. Given this immunity from liability, JLG has no claim that Sunbelt Canada may be secondarily or derivatively liable to it for any damages it is forced to pay Quirke. Sunbelt Canada thus is not a party "who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1).

Moreover, while some courts have overlooked the strict language of Rule 14(a)(1) where doing so is necessary to avoid frustrating the purpose of some underlying substantive law, JLG has not demonstrated any underlying basis for a claim against Sunbelt Canada. JLG does not cite any basis for apportioning damages under Pennsylvania law in the absence of some claim for indemnification or contribution, and as it appears to concede, the Commonwealth does not recognize comparative negligence as a defense to strict liability. *See e.g.*, *Kimco Dev. Corp. v. Michael D's Carpet Outlets*, 536 Pa. 1, 9, 637 A.2d 603, 607 (1993).

In addition, while JLG argues that damages in this case should be governed by Canada's Worker's Compensation Law, which does require an offset for damages caused by an employer's negligence, it acknowledges that Sunbelt Canada is

immune from any liability under that law. JLG correctly points out that employer immunity under Canadian law does not expressly extend to being joined in a lawsuit for the sole purpose of determining an appropriate offset in damages, but JLG provides no Canadian authority that would support such joinder, and it appears that Canadian courts have considered and rejected claims against employers based solely on the need to calculate an offset. *See Warren v. Canadian Pacific Ltd.*, 1992 CarswellOnt 895. As such, even assuming that Canadian law will apply to the issue of damages in this case, there is no basis for joining Sunbelt Canada.

### III. CONCLUSION

For the reasons outlined above, Defendant JLG Industries Inc.'s motion for leave to file a third-party complaint will be denied and Plaintiff Kevin Quirke's motion to strike the third complaint will be granted. An appropriate order shall follow.

Dated: May 17, 2021

*/s/ Sylvia H. Rambo*
Sylvia H. Rambo
United States District Judge